**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CANDIDO RIJO AVILA

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondent.

Case No. 26 Civ. 3471 (JGLC)

**DECLARATION OF SUPERVISORY DETENTION AND DEPORTATION OFFICER BRENDEN CUNI**

Pursuant to 28 U.S.C §1746, I, Brenden Cuni, hereby declare under penalty of perjury that the following is true and correct:

1. I am a Supervisory Detention and Deportation Officer (SDDO) with U.S. Immigration and Customs Enforcement (ICE). In this capacity, I supervise Deportation Officers, who identify and arrest aliens who are inadmissible or removable from the United States. The following statements are based on my review of DHS administrative and electronic records and consultation with colleagues. I am familiar with the facts and circumstances surrounding the detention and removal proceedings of Candido Rijo Avila (Petitioner), A#078-927-985.

2. Petitioner is a native and citizen of the Dominican Republic.

3. On or about July 24, 2003, U.S. Fish and Wildlife officers encountered Petitioner at or near La Sara, Texas. Petitioner entered the United States by wading across the Rio Grande River and stated to U.S. Border Patrol ("BP") agents that he was a citizen and national of the Dominican Republic with no proper immigration documents.

4. On July 25, 2003, Petitioner was transported to the Weslaco Border Patrol Station for processing.

5. On July 26, 2003, Petitioner was served with a Warrant for Arrest, Form I-200, after it was determined that he had illegally crossed the border without proper immigration documents. On the same day, Petitioner was personally served with a Notice to Appear ("NTA") instructing him to appear at the Immigration Court located at 201 East Jackson Street, Harlingen, Texas.

6. From July 26, 2003 through August 5, 2003, Petitioner was detained at the Port Isabel Service Processing Center in Los Fresnos, Texas.

7. On August 5, 2003, Petitioner bonded out and reported to the Immigration Court a Bronx, New York address as his residence.

8. On January 16, 2004, the Immigration Court issued a Notice of Hearing instructing Petitioner to appear at the Varick Immigration Court on February 3, 2004.

9. Petitioner failed to appear at the hearing on February 3, 2004, and the Immigration Judge ordered Petitioner removed *in absentia* on the same day.

10. DHS records indicate that Petitioner filed a waiver application with U.S. Citizenship and Immigration Services ("USCIS") on January 23, 2026, which was rejected on January 27, 2026. A second waiver application was filed on March 6, 2026, which was also rejected on March 22, 2026.

11. On February 4, 2026, the New York City Police Department ("N.Y.P.D.") arrested Petitioner for Criminal Possession of a Weapon in the Fourth Degree, in violation of N.Y.P.L. § 265.01(a), and Aggravated Unlicensed Operation of a Motor Vehicle, in violation of N.Y. V.T.L. § 511, both misdemeanors. An ICE detainer was not honored, and Petitioner was released before ICE could detain him.

12. On April 27, 2026, ICE Officers observed Petitioner at the USCIS Application Support Center located at 1827 Westchester Avenue, Bronx, New York, 10472. ICE Officers conducted a field interview, during which Petitioner admitted he did not have proper immigration documents to legally remain in the United States. Petitioner was apprehended and transported to the New York City Hold Room at 26 Federal Plaza on the same day.

13. On the same date, April 27, 2026, during post-arrest processing, Petitioner was served with a Warrant for Arrest, Form I-200, and three notices related to an initial custody determination, Online Detainee Locator System Privacy notice, and a Consular Notification of Arrest, which Petitioner refused to sign.

14. On April 28, 2026, Petitioner was transported to the Delaney Hall Detention Facility in New Jersey, where he remains detained pursuant to 8 U.S.C. § 1231(a)(6).

15. The Dominican Republic is generally cooperative with United States removal efforts and routinely accepts its nationals who possess valid travel documents. Petitioner has a valid travel document from the Dominican Republic; therefore, it is very likely that ICE can effectuate Petitioner's removal in the reasonably foreseeable future.

Executed on this 6th day of May, 2026.

BRENDEN C CUNI
Digitally signed by BRENDEN C CUNI
Date: 2026.05.07 19:51:15 -04'00'

Brenden Cuni
Supervisory Detention and Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security